*[handwritten notations]*
N/c to ensl.
Summons issued
Suzanne Clk.

Rept. #111 15006

**ORIGINAL**

*[circled]* 1
Rua
11-6-01

The Law Offices of SPERO T. LAPPAS
205 State Street
Post Office Box 808
Harrisburg, Pennsylvania  17108-0808
(717) 238-4286
        By:   SPERO T. LAPPAS, Esquire
              Pa. Supreme Court identification no. 27845
ATTORNEY FOR PLAINTIFF

*[stamp]*
FILED
HARRISBURG, PA
OCT 1 2 2001
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAURA ZELINSKI, | : | |
|     Plaintiff | : | CIVIL ACTION NO. |
| | : | |
|     v. | : | |
| | : | JURY TRIAL DEMANDED |
| PENNSYLVANIA STATE POLICE, | : | |
| COMMONWEALTH OF PENNSYLVANIA, | : | 3:CV 01-1979 |
| LOU ALTIERI, | : | |
| RICHARD WEINSTOCK, | : | |
|     Defendants | : | (JUDGE           ) |

COMPLAINT

AND NOW comes the PLAINTIFF by and through her attorney, SPERO

T. LAPPAS, Esquire, and makes this COMPLAINT against the above

named Defendants.

RESPECTFULLY SUBMITTED,

The Law Offices of SPERO T. LAPPAS

By: _____
        SPERO T. LAPPAS, Esquire
        ATTORNEY FOR PLAINTIFF

## COMPLAINT

AND NOW comes the PLAINTIFF by and through her attorney, SPERO T. LAPPAS, Esquire, and makes this COMPLAINT against the above named Defendants, respectfully representing as follows:

1.    PLAINTIFF is an adult individual residing within the Middle District of Pennsylvania.

2.    DEFENDANT PENNSYLVANIA STATE POLICE is a governmental agency or department within the state government of the Defendant COMMONWEALTH OF PENNSYLVANIA.

3.    At all times relevant to this COMPLAINT, DEFENDANT ALTIERI was a Corporal with the PENNSYLVANIA STATE POLICE and was the PLAINTIFF's supervisor and superior officer.

4.    At all times relevant to this COMPLAINT, DEFENDANT WEINSTOCK was an officer with the PENNSYLVANIA STATE POLICE.    At certain times as described below he was PLAINTIFF'S co-worker, and at other times as described below he was PLAINTIFF's supervisor and superior officer.

5.    The Plaintiff has exhausted all necessary administrative avenues and has received from the EEOC the Right to Sue Letter attached hereto as Exhibit 1.

6.    All of the acts described in this Complaint as having been taken by DEFENDANTS COMMONWEALTH OF PENNSYLVANIA and PENNSYLVANIA STATE POLICE were:

    a.    committed by agents, employees, or servants of those Defendants (other than the Plaintiff) under such circumstances as to make DEFENDANTS COMMONWEALTH OF PENNSYLVANIA and PENNSYLVANIA STATE POLICE legally responsible for said acts;

    b.    those actions those actions were reckless; in the alternative, those actions were negligent. None of those actions were privileged, or in the alternative, any privilege which would have otherwise attached was lost through abuse of a conditionally privileged occasion.

7. All of the actions of the Defendants or agents, employees, or servants of the Defendants (other than the Plaintiff) described within this Complaint either _infra_ or _supra_, were taken under color of state law.

8. All harms, damages, and injuries suffered by the PLAINTIFF were the direct, legal and proximate results of the wrongful acts of the DEFENDANTS or the agents, employees, or servants of the Defendants (other than the Plaintiff) as described in this Complaint.

9. The causes of action brought in this Complaint are brought pursuant to _inter alia_ Title 42, United States Code, sections 1983, 1985 and 1988, and the First and Fourteenth Amendments to the United States Constitution, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e, and the Pennsylvania

Human Relations Act, 43 Pa.C.S. Section 955.

10. The United States District Court for the Middle District of Pennsylvania has jurisdiction over this cause of action pursuant to 28 U.S.C. Sections 1331 and 1334, and 42 U.S.C. Section 2000e. The United States District Court for the Middle District of Pennsylvania has supplemental jurisdiction over the pendant state claim pursuant to 28 U.S.C. Section 1367(a).

11. The United States District Court for the Middle District of Pennsylvania is the proper venue for this cause of action by reason of the activities of the defendants complained of herein having occurred in the geographical confines of this Court's jurisdiction.

12. From on or about January 30, 1996 to the present day, PLAINTIFF has been employed as a police officer with the PENNSYLVANIA STATE POLICE where she holds the rank of Trooper.

13. During the period of time from approximately June 1999 through August 2000 and thereafter, DEFENDANTS and the agents, employees, or servants of the Defendants (other than the Plaintiff) harassed and discriminated against and harassed the PLAINTIFF because she was a woman. The specific nature of this harassment and discrimination appears elsewhere of this Complaint.

14. During that same period of time, DEFENDANTS and the agents, employees, or servants of the Defendants (other than the Plaintiff) engaged in a continuing course of conduct of sexual harassment which created an offensive, hostile, and degrading work

environment for the PLAINTIFF and which was sufficiently egregious as to change the conditions of her employment, and to produce a hostile, offensive and unlawfully oppressive work environment. The specific nature of this harassment appears in later paragraphs of this Complaint.

15. During that same period of time, DEFENDANTS and the agents, employees, or servants of the Defendants (other than the Plaintiff), engaged in an ongoing, continuing, and persistent pattern of quid pro quo sexual harassment.

16. Furthermore, during that same period of time, DEFENDANTS and the agents, employees, or servants of the Defendants (other than the Plaintiff) engaged in a pattern of unwarranted, unlawful, unconstitutional, uninvited and unwanted intimate touching of the PLAINTIFF's body. This conduct constituted unlawful use of force by a state actor in violation of the Fourteenth Amendment.

17. All of the wrongful conduct alleged herein against the DEFENDANTS, or any of them individually or in combination with others, constitutes a continuing course of misconduct.

18. The discriminatory, harassing, and unlawful course of conduct engaged in by DEFENDANTS included but are not limited to the following events and incidents: DEFENDANTS individually and by agents, employees, or servants of the Defendants (other than the Plaintiff) under such circumstances as to make the DEFENDANTS legally responsible for said acts,

    a. made inappropriate and harassing verbal sexual

remarks to the Plaintiff;

b.  touched and attempted to touch the Plaintiff's body;

c.  encouraged the Plaintiff to engage in sexual contact;

d.  asked Plaintiff to engage in sexual relations, and expressed the desire to have sexual relations with the PLAINTIFF;

e.  created a hostile work environment.

f.  transferred the PLAINTIFF from a more desirable to a less desirable job assignment in retaliation for her complaint of sexual harassment;

g.  after the PLAINTIFF complained about the unlawful treatment which she had received and about the hostile work environment, she was subjected to unlawful retaliation by the individual DEFENDANTS and by the employees of the PENNSYLVANIA STATE POLICE and the COMMONWEALTH OF PENNSYLVANIA. This retaliation took the form _inter alia_ of

(1) false and inappropriate disciplinary actions;

(2) reassignment to a less favorable job assignment and position;

(3) defamation and job defamation;

(4) unwarranted criticism of PLAINTIFF's job performance;

---

(5)   further incidents of sexual harassment and discrimination;

(6)   ostracization;

(7)   lack of cooperation;

(8)   failure of Commonwealth employees (including the individual DEFENDANTS) to communicate with Plaintiff about police business;

(9)   failure to provide proper backup and support to the PLAINTIFF relative to PLAINTIFF's police duties;

(10)  continuation of the sexually harassing and discriminatory conduct;

(11)  the making of unfounded and untrue complaints about PLAINTIFF's job performance;

(12)  the making of sexually discriminatory and harassing remarks and comments about the PLAINTIFF and her job performance.

19.   Specifically, though without limitation, DEFENDANTS individually and by agents, employees, or servants of the Commonwealth DEFENDANTS (other than the Plaintiff) under such circumstances as to make the DEFENDANTS legally responsible for said acts, committed _inter alia_ the following acts and conduct, all of which constitute sexual harassment, sexual discrimination, violation of the PLAINTIFF's federal civil rights, violations of the Pennsylvania Human Relations Act, creation and maintenance of

a hostile work environment, and/or unlawful retaliation:

a. On January 30, 1996 PLAINTIFF was hired as a Trooper by the PENNSYLVANIA STATE POLICE.

b. May 1, 1999 PLAINTIFF was assigned to the Bureau of Drug Law Enforcement, Troop P Tactical Narcotics Team. This position was a desirable assignment and one for which the PLAINTIFF was trained and qualified, and was her assignment of choice.

c. From on or about June 22, 1999 and continuing to June 28, 2000, PLAINTIFF was sexually harassed by WEINSTOCK, who was assigned to the same unit, in the following manner:

    (1) June 26, 1999: WEINSTOCK told PLAINTIFF he was attracted to her since he had met her in April. He said he wanted PLAINTIFF to come to his room with him and that he would then give her a full body massage. PLAINTIFF told him to stop saying these things and that PLAINTIFF had met his wife. WEINSTOCK also put his hand on PLAINTIFF's knee.

    (2) August 4, 1999: PLAINTIFF was assigned to ride in a van with WEINSTOCK. WEINSTOCK graphically told PLAINTIFF that he wanted to have sex with her and described the sexual activities which he desired. PLAINTIFF told him what he was doing was wrong.

d. On or about October 14, 1999 PLAINTIFF told ALTIERI, WEINSTOCK's and PLAINTIFF's supervisor, that PLAINTIFF did not feel comfortable working surveillance with WEINSTOCK, and she told him about the two incidents in June and August. PLAINTIFF was crying and visibly upset when she told him. ALTIERI told PLAINTIFF he couldn't believe it was true. PLAINTIFF later learned that ALTIERI had told WEINSTOCK, in the early part of the summer, that PLAINTIFF was "a sexual harassment suit waiting to happen."

e. On or about December 30, 1999, while conducting a surveillance at a bar WEINSTOCK told PLAINTIFF, "If I can see down your sweater, everyone else can". PLAINTIFF was playing pool with another team member at the time.

---

*The Law Offices of SPERO T. LAPPAS*

f.   On or about February 1, 2000 ALTIERI falsely criticized the PLAINTIFF for the execution of a search warrant.  ALTIERI falsely blamed PLAINTIFF for its failure.

g.   On or about February 22, 2000 WEINSTOCK told a co-worker that PLAINTIFF had tried to hurt him with ALTIERI and now he was going to hurt PLAINTIFF.

h.   The sexual harassment continued, and from on or about February 22, 2000 and continuing thereafter, PLAINTIFF was harassed because of her sex, female, and/or in retaliation for reporting sexual harassment.

   (1)   On or about April 13, 2000 ALTIERI falsely criticized PLAINTIFF for alleged job related problems and notified her that he had placed a disciplinary note in her file, six weeks before, about her allegedly poor communication skills.  These criticisms and the discipline were retaliatory and false.

   (2)   On or about April 14, 2000 WEINSTOCK began falsely stating that the reason Patrol would not serve search warrants with PLAINTIFF's unit was PLAINTIFF's fault for messing up a drug bust.

   (3)   On or about June 28, 2000 throughout the day at work, WEINSTOCK continuously made comments in front of the unit and patrol members that he could see PLAINTIFF's underwear.

   (4)   On or about July 7, 2000 and July 18, 2000 PLAINTIFF received disciplinary counselling. These disciplines were retaliatory and false.

i.   On or about August 21 and 22, 2000 PLAINTIFF was transferred out of her job assignment with the Bureau of Drug Law Enforcement, Troop P Tactical Narcotics Team to a less favorable, less desirable, and less advantageous job assignment,  This re-assignment was in direct retaliation for her complaints about sexual harassment, and was a further incident of sexual harassment and discrimination.

j.   Even after PLAINTIFF's transfer from the unit on

---

*The Law Offices of SPERO T. LAPPAS*

August 21, 2000, WEINSTOCK and ALTIERI have
continued to make derogatory remarks about
PLAINTIFF and her ability to do the job.

20. The Defendants' actions as described in this Complaint
are the direct, legal, and proximate causes of the harms, injuries,
and damages to the Plaintiff (some or all of which will continue
into the future) including *inter alia* the following:

  a. She suffered great humiliation, embarrassment,
     mortification, pain and suffering, and distress;

  b. She was subjected to unlawful sexual harassment,
     discrimination because of her gender, and suffered
     the loss of valuable rights guaranteed by state and
     federal law;

  c. She was subjected to unlawful, illegal,
     unreasonable and unconstitutional touching;

  d. She was put in fear of her well-being;

  e. She suffered mental and emotional damages which
     required her to obtain mental health treatment and
     incur the costs thereof;

  f. She lost income and earning capacity, and other
     valuable employment benefits.

## COUNT 1
### LAURA ZELINSKI V. PENNSYLVANIA STATE POLICE
### SEXUAL HARASSMENT/DISCRIMINATION UNDER FEDERAL LAW

21.   All other paragraphs of this COMPLAINT are hereby incorporated into this Count by reference thereto.

22.   WHEREFORE, the PLAINTIFF demands judgment against this DEFENDANT for:

a.   compensatory damages;

b.   punitive damages;

c.   reinstatement to the position which she held prior to the DEFENDANTS' acts complained of in this Complaint;

d.   costs of this litigation;

e.   allowable interest;

f.   expungement from her personnel file of all documents and mentions relating to the termination of the retaliatory acts complained of in this complaint;

g.   reasonable attorneys fees;

h.   an upward attorneys fee multiplier based upon inter alia: the delay in the payment of attorneys fees, the superior quality of representation, the complexity of the issues presented, the importance of the public policy issues which will be vindicated by the verdict, the valuable civil rights of public employees which will be protected and which were vindicated by the verdict, and to account for the necessity of attracting competent counsel.

### COUNT 2
### LAURA ZELINSKI V. PENNSYLVANIA STATE POLICE
### SEXUAL HARASSMENT/DISCRIMINATION UNDER STATE LAW

23.    All other paragraphs of this COMPLAINT are hereby incorporated into this Count by reference thereto.

24.    *WHEREFORE, the PLAINTIFF demands judgment against this DEFENDANT for:*

a.    *compensatory damages;*

b.    *punitive damages;*

c.    *reinstatement to the position which she held prior to the DEFENDANTS' acts complained of in this Complaint;*

d.    *costs of this litigation;*

e.    *allowable interest;*

f.    *expungement from her personnel file of all documents and mentions relating to the termination of the retaliatory acts complained of in this complaint;*

g.    *reasonable attorneys fees;*

h.    *an upward attorneys fee multiplier based upon inter alia: the delay in the payment of attorneys fees, the superior quality of representation, the complexity of the issues presented, the importance of the public policy issues which will be vindicated by the verdict, the valuable civil rights of public employees which will be protected and which were vindicated by the verdict, and to account for the necessity of attracting competent counsel.*

COUNT 3
*LAURA ZELINSKI V. PENNSYLVANIA STATE POLICE*
*UNLAWFUL RETALIATION UNDER FEDERAL LAW*

25.    All other paragraphs of this COMPLAINT are hereby incorporated into this Count by reference thereto.

26.    *WHEREFORE, the PLAINTIFF demands judgment against this DEFENDANT for:*

a.    *compensatory damages;*

b.    *punitive damages;*

c.    *reinstatement to the position which she held prior to the DEFENDANTS' acts complained of in this Complaint;*

d.    *costs of this litigation;*

e.    *allowable interest;*

f.    *expungement from her personnel file of all documents and mentions relating to the termination of the retaliatory acts complained of in this complaint;*

g.    *reasonable attorneys fees;*

h.    *an upward attorneys fee multiplier based upon inter alia: the delay in the payment of attorneys fees, the superior quality of representation, the complexity of the issues presented, the importance of the public policy issues which will be vindicated by the verdict, the valuable civil rights of public employees which will be protected and which were vindicated by the verdict, and to account for the necessity of attracting competent counsel.*

---

*The Law Offices of SPERO T. LAPPAS*

## COUNT 4
### LAURA ZELINSKI V. PENNSYLVANIA STATE POLICE
### UNLAWFUL RETALIATION UNDER STATE LAW

27.   All other paragraphs of this COMPLAINT are hereby incorporated into this Count by reference thereto.

28.   *WHEREFORE, the PLAINTIFF demands judgment against this DEFENDANT for:*

a.   *compensatory damages;*

b.   *punitive damages;*

c.   *reinstatement to the position which she held prior to the DEFENDANTS' acts complained of in this Complaint;*

d.   *costs of this litigation;*

e.   *allowable interest;*

f.   *expungement from her personnel file of all documents and mentions relating to the termination of the retaliatory acts complained of in this complaint;*

g.   *reasonable attorneys fees;*

h.   *an upward attorneys fee multiplier based upon inter alia: the delay in the payment of attorneys fees, the superior quality of representation, the complexity of the issues presented, the importance of the public policy issues which will be vindicated by the verdict, the valuable civil rights of public employees which will be protected and which were vindicated by the verdict, and to account for the necessity of attracting competent counsel.*

## COUNT 5
### LAURA ZELINSKI V. COMMONWEALTH OF PENNSYLVANIA
### SEXUAL HARASSMENT/DISCRIMINATION UNDER FEDERAL LAW

29.   All other paragraphs of this COMPLAINT are hereby incorporated into this Count by reference thereto.

30.   WHEREFORE, the PLAINTIFF demands judgment against this DEFENDANT for:

a.   compensatory damages;

b.   punitive damages;

c.   reinstatement to the position which she held prior to the DEFENDANTS' acts complained of in this Complaint;

d.   costs of this litigation;

e.   allowable interest;

f.   expungement from her personnel file of all documents and mentions relating to the termination of the retaliatory acts complained of in this complaint;

g.   reasonable attorneys fees;

h.   an upward attorneys fee multiplier based upon inter alia: the delay in the payment of attorneys fees, the superior quality of representation, the complexity of the issues presented, the importance of the public policy issues which will be vindicated by the verdict, the valuable civil rights of public employees which will be protected and which were vindicated by the verdict, and to account for the necessity of attracting competent counsel.

## COUNT 6
### *LAURA ZELINSKI V. COMMONWEALTH OF PENNSYLVANIA*
### *SEXUAL HARASSMENT/DISCRIMINATION UNDER STATE LAW*

31.   All other paragraphs of this COMPLAINT are hereby incorporated into this Count by reference thereto.

32.   *WHEREFORE, the PLAINTIFF demands judgment against this DEFENDANT for:*

a.   *compensatory damages;*

b.   *punitive damages;*

c.   *reinstatement to the position which she held prior to the DEFENDANTS' acts complained of in this Complaint;*

d.   *costs of this litigation;*

e.   *allowable interest;*

f.   *expungement from her personnel file of all documents and mentions relating to the termination of the retaliatory acts complained of in this complaint;*

g.   *reasonable attorneys fees;*

h.   *an upward attorneys fee multiplier based upon inter alia: the delay in the payment of attorneys fees, the superior quality of representation, the complexity of the issues presented, the importance of the public policy issues which will be vindicated by the verdict, the valuable civil rights of public employees which will be protected and which were vindicated by the verdict, and to account for the necessity of attracting competent counsel.*

---

COUNT 7
## LAURA ZELINSKI V. COMMONWEALTH OF PENNSYLVANIA
## UNLAWFUL RETALIATION UNDER FEDERAL LAW

33.    All other paragraphs of this COMPLAINT are hereby incorporated into this Count by reference thereto.

34.    *WHEREFORE, the PLAINTIFF demands judgment against this DEFENDANT for:*

    a.    *compensatory damages;*

    b.    *punitive damages;*

    c.    *reinstatement to the position which she held prior to the DEFENDANTS' acts complained of in this Complaint;*

    d.    *costs of this litigation;*

    e.    *allowable interest;*

    f.    *expungement from her personnel file of all documents and mentions relating to the termination of the retaliatory acts complained of in this complaint;*

    g.    *reasonable attorneys fees;*

    h.    *an upward attorneys fee multiplier based upon inter alia: the delay in the payment of attorneys fees, the superior quality of representation, the complexity of the issues presented, the importance of the public policy issues which will be vindicated by the verdict, the valuable civil rights of public employees which will be protected and which were vindicated by the verdict, and to account for the necessity of attracting competent counsel.*

---

*The Law Offices of SPERO T. LAPPAS*

*COUNT 8*
*LAURA ZELINSKI V. COMMONWEALTH OF PENNSYLVANIA*
*UNLAWFUL RETALIATION UNDER STATE LAW*

35.    All other paragraphs of this COMPLAINT are hereby incorporated into this Count by reference thereto.

36.    *WHEREFORE, the PLAINTIFF demands judgment against this DEFENDANT for:*

a.    *compensatory damages;*

b.    *punitive damages;*

c.    *reinstatement to the position which she held prior to the DEFENDANTS' acts complained of in this Complaint;*

d.    *costs of this litigation;*

e.    *allowable interest;*

f.    *expungement from her personnel file of all documents and mentions relating to the termination of the retaliatory acts complained of in this complaint;*

g.    *reasonable attorneys fees;*

h.    *an upward attorneys fee multiplier based upon inter alia: the delay in the payment of attorneys fees, the superior quality of representation, the complexity of the issues presented, the importance of the public policy issues which will be vindicated by the verdict, the valuable civil rights of public employees which will be protected and which were vindicated by the verdict, and to account for the necessity of attracting competent counsel.*

---

COUNT 9
*LAURA ZELINSKI V. LOU ALTIERI*
*VIOLATION OF FEDERAL CIVIL RIGHTS*

37.    All other paragraphs of this COMPLAINT are hereby incorporated into this Count by reference thereto.

38.    *WHEREFORE, the PLAINTIFF demands judgment against this DEFENDANT for:*

a.    *compensatory damages;*

b.    *punitive damages;*

c.    *reinstatement to the position which she held prior to the DEFENDANTS' acts complained of in this Complaint;*

d.    *costs of this litigation;*

e.    *allowable interest;*

f.    *expungement from her personnel file of all documents and mentions relating to the termination of the retaliatory acts complained of in this complaint;*

g.    *reasonable attorneys fees;*

h.    *an upward attorneys fee multiplier based upon inter alia: the delay in the payment of attorneys fees, the superior quality of representation, the complexity of the issues presented, the importance of the public policy issues which will be vindicated by the verdict, the valuable civil rights of public employees which will be protected and which were vindicated by the verdict, and to account for the necessity of attracting competent counsel.*

---

### COUNT 10
### LAURA ZELINSKI V. RICHARD WEINSTOCK
### VIOLATION OF FEDERAL CIVIL RIGHTS

39.   All other paragraphs of this COMPLAINT are hereby incorporated into this Count by reference thereto.

40.   *WHEREFORE, the PLAINTIFF demands judgment against this DEFENDANT for:*

a.   *compensatory damages;*

b.   *punitive damages;*

c.   *reinstatement to the position which she held prior to the DEFENDANTS' acts complained of in this Complaint;*

d.   *costs of this litigation;*

e.   *allowable interest;*

f.   *expungement from her personnel file of all documents and mentions relating to the termination of the retaliatory acts complained of in this complaint;*

g.   *reasonable attorneys fees;*

h.   *an upward attorneys fee multiplier based upon inter alia: the delay in the payment of attorneys fees, the superior quality of representation, the complexity of the issues presented, the importance of the public policy issues which will be vindicated by the verdict, the valuable civil rights of public employees which will be protected and which were vindicated by the verdict, and to account for the necessity of attracting competent counsel.*

COUNT 11
*LAURA ZELINSKI V. ALL DEFENDANTS*
*CONSPIRACY TO VIOLATE FEDERAL CIVIL RIGHTS*

41.    All other paragraphs of this COMPLAINT are hereby incorporated into this Count by reference thereto.

42.    *WHEREFORE, the PLAINTIFF demands judgment against these DEFENDANTS for:*

a.    *compensatory damages;*

b.    *punitive damages;*

c.    *reinstatement to the position which she held prior to the DEFENDANTS' acts complained of in this Complaint;*

d.    *costs of this litigation;*

e.    *allowable interest;*

f.    *expungement from her personnel file of all documents and mentions relating to the termination of the retaliatory acts complained of in this complaint;*

g.    *reasonable attorneys fees;*

h.    *an upward attorneys fee multiplier based upon inter alia: the delay in the payment of attorneys fees, the superior quality of representation, the complexity of the issues presented, the importance of the public policy issues which will be vindicated by the verdict, the valuable civil rights of public employees which will be protected and which were vindicated by the verdict, and to account for the necessity of attracting competent counsel.*

RESPECTFULLY SUBMITTED,

The Law Offices of SPERO T. LAPPAS

By: _____

      SPERO T. LAPPAS, Esquire
      Pa. Supreme Ct. ID no. 25745
      205 State Street
      P.O. Box 808
      Harrisburg, PA   17108-0808
      (717) 238-4286
      ATTORNEY FOR THE PLAINTIFF

**U.S. Department of Justice**

Civil Rights Division
NOTICE OF RIGHT TO SUE
WITHIN 90 DAYS

CERTIFIED MAIL
0921 9512

*Employment Litigation Section*
*P.O. Box 65968*
*Washington, DC 20035-5968*

August 7, 2001

Ms. Laura A. Zelinski
c/o Spero T. Lappas, Esquire
Law Offices of Spero T. Lappas
Attorneys at Law
P. O. Box 808
Harrisburg, PA  17108-0808

Re:  EEOC Charge Against Commonwealth of Pennsylvania, State Police Department,
et al.
      No. 17FA10802

Dear Ms. Zelinski:

    Because you filed the above charge with the Equal Employment
Opportunity Commission, and more than 180 days have elapsed since
the date the Commission assumed jurisdiction over the charge, and no
suit based thereon has been filed by this Department, and because
you through your attorney have specifically requested this Notice,
you are hereby notified that you have the right to institute a civil
action under Title VII of the Civil Rights Act of 1964, as amended,
42 U.S.C. 2000e, et seq., against the above-named respondent.

    If you choose to commence a civil action, such suit must be
filed in the appropriate Court within 90 days of your receipt of
this Notice.

    This Notice should not be taken to mean that the Department of
Justice has made a judgment as to whether or not your case is
meritorious.

                        Sincerely,

                        Ralph F. Boyd, Jr.
                    Assistant Attorney General
                      Civil Rights Division

            by      *Karen L. Ferguson*
                        Karen L. Ferguson
                        Civil Rights Analyst
                    Employment Litigation Section

cc:  Philadelphia District Office, EEOC
     Commonwealth of Pennsylvania, State Police Department, et al.



PLAINTIFF'S
EXHIBIT

1

United States Treasury Symbol 3822

Mon Oct 15 16:09:57 2001

UNITED STATES DISTRICT COURT

SCRANTON      , PA

Receipt No.   111 135006
Cashier        jill

Check Number:  8860

DW Code      Div No
4667          1

Sub Acct Type Tender      Amount
1:510000  N     2          90.00
2:086900  N     2          60.00

Total Amount        $     150.00

SPERO T. LAPPAS 205 STATE STREET HBG
., PA 17108

FILING FEE FOR COMPLAINT IN 3:CV-01-
1979

CB

Mon Oct 15 16:09:57 2001

Check No: 8860
Amount: $50.00
Drawee: Federal Reserve Bank o