#52
2/4/03
KM

FILED
HARRISBURG, PA

3 2003

MARY E. D'ANDREA, CLERK
Per _____
         Deputy Clerk

**SERRATELLI, SCHIFFMAN, BROWN AND CALHOON, P.C.**
*2080 Linglestown Road, Suite 201*
*Harrisburg, Pennsylvania 17110-9670*
*Telephone (717) 540-9170*
*By:   SPERO T. LAPPAS, Esquire*
*      Pa. Supreme Court ID no. 25745*
**ATTORNEYS FOR THE PLAINTIFF**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LAURA ZELINSKI,
       Plaintiff

v.

PENNSYLVANIA STATE POLICE,
COMMONWEALTH OF
PENNSYLVANIA,
LOU ALTIERI,
RICHARD WEINSTOCK,
       Defendants

C.A. NO. 3-CV-01-1979

JURY TRIAL DEMANDED

(CHIEF JUDGE VANASKIE)

PLAINTIFF'S BRIEF IN OPPOSITION
TO MOTION FOR SUMMARY JUDGMENT
FILED ON BEHALF OF WEINSTOCK

RESPECTFULLY SUBMITTED,

SERRATELLI, SCHIFFMAN, BROWN AND CALHOON, P.C.

By: _____
    SPERO T. LAPPAS, Esquire
    ATTORNEYS FOR THE PLAINTIFF

## I. STATEMENT OF THE CASE

The plaintiff began this case with the filing of her complaint, after receiving right to sue notice from the EEOC. The Pennsylvania State Police (hereinafter "PSP") and Altieri have filed answers, defendant Weinstock's Rule 12(b)(6) motion is still pending. Before the court now are motions for summary judgment filed on behalf of all defendants.

## II. STATEMENT OF FACTS

Laura Zelinski is a single 31 year old woman who, in June 1999 became a member of a specialized drug investigation unit known as the Tactical Narcotics Team. Her supervisor was Corporal Louis Altieri and her three co-workers were Trooper Richard Weinstock, Trooper Sean Murray and Trooper Daniel Wigley. Almost immediately, Trooper Weinstock began sexually harassing her. When she complained to Corporal Altieri about it, he told her he didn't believe her and did nothing to address the harassment. The harassment continued and culminated in her retaliatory removal from TNT in August 2000. The evidence has established that Corporal Altieri instigated her removal, that Corporal Altieri was very friendly with the harasser, Trooper Weinstock; and that when the state police eventually investigated Laura's complaints (after her transfer) they determined that Altieri had in fact allowed a hostile work environment to exist at the Tactical Narcotics Team Unit.

This case involves the following lengthy and egregious pattern of sexual harassment which produced a hostile work environment for the plaintiff, Laura Zelinski.

On June 26, 1999, Weinstock told Laura he had been sexually attracted to her

1

since April. He wanted Laura to come to his hotel room where he would give her a full body massage. Weinstock put his hand on her knee. Laura told him to stop. Zelinski 35-38.[1]

On August 4, 1999 Laura was assigned to ride in a van with Weinstock. Weinstock told Laura that he wanted to have sex with her and described in graphic and profane detail the sexual activities which he had planned. Laura told him what he was doing and saying was wrong. Zelinski 41-46.

On or about October 14, 1999 Laura told Altieri that she did not feel comfortable working surveillance with Weinstock, and she told him about the two incidents of harassment. ALTIERI told Laura he didn't believe her. Zelinski 46, 69, 73-76.

On or about December 30, 1999, while conducting a surveillance at a bar Weinstock told Laura, "If I can see down your sweater, everyone else can". Laura was playing pool with another team member at the time. Zelinski 189-91.

On or about February 1, 2000 ALTIERI falsely criticized the Laura for the execution of a search warrant, blaming her for its failure. Zelinski 105-111.

On or about April 13, 2000 ALTIERI falsely criticized Laura for alleged misconducts and notified her that he had placed a disciplinary note in her file, six weeks before. Zelinski 127-128.

On or about June 28, 2000 throughout the day at work, Weinstock made repeated comments in front of other police officers that he could see Laura's underwear.

---

[1] References to Laura Zelinski's testimony are to her deposition which has been filed as Exhibit A in support of the Commonwealth Defendants' Motion for Summary Judgment.

Zelinski 49-50.

The plaintiff's ordeal culminated with false disciplinary counseling on July 7, 2000 and July 18, 2000, and then with her retaliatory transfer in August. Zelinski 87, 134-135.

### III.  ISSUES

Does the evidentiary record establish a genuine question of material fact as to whether or not the plaintiff suffered a unlawful sexual harassment at the hands of defendant, and whether there was conspiracy between Altieri and Weinstock to violate the plaintiff's rights?

For the reasons presented in the following argument and discussion, the Plaintiff suggests that her case should survive summary judgment.

### IV.  ARGUMENT

   a.  A sexual discrimination and harassment plaintiff can bring her claim against a state actor under 42 U.S.C. §1983.

The Defendant argues that the Plaintiff should not be allowed to bring this case under 42 U.S.C. §1983 because he was not the Plaintiff's supervisor and thus (he contends) he did not act under color of state law when he sexually harassed the Plaintiff.

Weinstock does not allege, nor can he, that he was not on commonwealth duty at the times of his acts of harassment. If Plaintiff was a non-commonwealth employee, visiting a state police facility on other business (to report a crime, for example) and was sexually harassed by a state trooper, no one would have the slightest problem recognizing this as a Fourth and Fourteenth Amendment action cognizable under section 1983. The plaintiff has not lost any rights because she works for the

commonwealth. She is entitled to bring this claim.

As the District Court recognized in <u>Poulsen v. City of North Tonawanda, New York</u>, 811 F. Supp. 884 (W.D.N.Y. 1983) "several circuit courts have ruled that sex-based discrimination, including sexual harassment, is actionable under Section 1983 as a violation of equal protection. See, e.g <u>Pontarelli v. Stone</u>, 930 F.2d 104 (1st Cir. 1991); <u>Bohen v. City of East Chicago, Indiana</u>, 799 F.2d 1180 (7th Cir. 1986); <u>Hedley v. Bacon</u>, 828 F.2d 1272 (8th Cir. 1987); <u>Starrett v. Wadley</u>, 876 F.2d 808 (10th Cir. 1989)."

The Third Circuit is in accord with this majority. <u>Andrews v. City of Philadelphia</u>, 895 F.2d 1469 (3rd Cir. 1990).

> "To bring a successful claim under 42 U.S.C. §1983 for a denial of equal protection, Plaintiffs must prove the existence of purposeful discrimination . . . . Specifically, to prove sexual discrimination a Plaintiff must show that any disparate treatment was based upon her gender. <u>Bohen</u> [<u>supra</u>]."

<u>Andrews</u>, 895 F.2d at 1478.

Accordingly, a equal protection/sexual harassment case directly under the Fourteenth Amendment (which is what this case is) can be brought against a state defendant as a 1983 case.

Similarly, the Defendant misapprehends the nature of the Plaintiff's Complaint when he describes the characteristics of a successful Title VII claim -- supervisory misconduct (p. 4), hostile environment (pp. 5-8), and the like -- and then apparently extrapolates the argument that if the Plaintiff does not meet those criteria for a Title VII claim against Weinstock, she has no 1983 claim. Although it is true that Section 1983

4

does not provide any substantive rights, it does provide a vehicle by which a Plaintiff can bring a claim against a state actor for violation of federally guaranteed rights -- such as the Fourteenth Amendment right to enjoy Equal Protection, and thereby to be free of sexual harassment. Such suits are allowed in the Third Circuit as elsewhere, Andrews v. City of Philadelphia, supra, Annis v. County of Westchester, 36 F.3d 251 (2d Cir. 1994); Beardside v. Isom, 828 F.Supp. 397 (E.D. VA 1993); Dirkse v. City of Springfield, 842 F.Supp. 1117 (C.D. Ill 1994); Lankford v. City of Hobart, 73 F.3d 283 (10th Cir. 1996).

        b.    The Plaintiff's evidence of sexual harassment is sufficient to survive summary judgement.

Weinstock cites numerous Title VII cases in his argument that the Plaintiff has not sufficiently pleaded a hostile environment claim against him.[2] A Fourteenth Amendment sexual abuse claim does not need a certain number of incidents or a certain level of abuse. If the Defendant harassed the Plaintiff sporadically for a period of 12 months ("From on or about June 22, 1999 and continuing to June 28, 2000, PLAINTIFF was sexually harassed by WEINSTOCK, who was assigned to the same unit . . . ) rather that every day for a period of 12 years, that can certainly be raised as an argument in mitigation of damages: but it is not a defense to liability.

The law is clear that there is no <u>minimum</u> number of episodes of harassment necessary to establish a hostile work environment. Even a single incident can suffice.

---

[2] Although he does not frame his argument with those words, that is what his position amounts to.

Cruz v. Coach Stores, Inc., 202 F.3d 560, 570 (2d Cir. 2000); Torres v. Pisano, 116 F.3d 625, 632 (2d Cir. 1997); Harrison v. Eddy Potash, Inc., 248 F.3d 1014 (10th Cir 2001). The present case deals with a police officer who is being harassed by another officer with whom she must work in the dangerous world of drug law enforcement. During and after Laura's rejection of Weinstock's crude sexual overtures, Weinstock failed to provide her with proper protection during undercover drug work, Zelinski 52, 191, thereby putting her life in jeopardy.[3] Thus, the sexual harassment, her rejection of it, and its aftermath were not only "annoying" as the defendants argue, the environment was hostile to the point of being dangerous and even life threatening. This is a case in which the plaintiff suffered repeated and vile acts of sexual harassment over a period longer than one year, she reported it to her superior, he ignored her report and even criticized her for making it (he told her he did not believe her and that she was disparaging a "nice guy"). This situation satisfies the test of Meritor Savings Bank v. Vinson, 477 U.S. 57, 106 S.Ct. 2399 (1986) in that the plaintiff's employment conditions were altered, and her work environment became hostile and intimidating.

It cannot be said that this environment was so non-severe that summary judgment can be granted on those grounds.

### c. The evidence of conspiracy survives summary judgement

---

[3] Weinstock explained to Trooper Murray that "Laura tried to hurt me with Lou and now I'm going to hurt her." Zelinski 52. Murray's exact recollection is that Weinstock said that "Laura tried to screw him with Lou and that he's going to get her back." Murray 42.

The record contains sufficient circumstantial evidence of a conspiracy between Altieri and Weinstock to violate the Plaintiff's constitutional rights to survive the motion for summary judgment. Specifically:

Weinstock and Altieri were unusually close. Murray 113, 114.

Laura complained to Altieri about Weinstock in October 1999.

Altieri knew he had a duty to report this harassment notwithstanding the Laura's stated desires. Altieri 9-10.

Altieri took no action on Laura's complaints.

Altieri had a history of overlooking and ignoring Weinstock's unlawful behavior. Murray 108-113.

Altieri disclosed this complaint to Weinstock who was motivated thereby to "get" Laura. Murray 42, Zelinski 52.

Weinstock and Altieri spoke of Laura in the same words: as a sexual harassment case waiting to happen. Zelinski 77, Murray 66, 104, Duby Deposition Exhibit 10

## V. CONCLUSION

Wherefore, the Defendants' motion for summary judgment should be dismissed and this case set down for trial by jury.

*RESPECTFULLY SUBMITTED,*

*SERRATELLI, SCHIFFMAN, BROWN AND CALHOON, P.C.*

By: _____
*SPERO T. LAPPAS, Esquire*
*2080 Linglestown Road, Suite 201*
*Harrisburg, PA  17110-9670*
*(717) 540-9170*
*ATTORNEYS FOR THE PLAINTIFF*

## CERTIFICATE OF WORD COUNT

The word count of this Brief is 1956 words.

## CERTIFICATE OF SERVICE

*I hereby certify that on this date I served a true copy of the attached document upon the person(s) named below by mailing a copy addressed as follows, postage pre-paid, deposited into the U. S. Mail at Harrisburg, Pa.*

JAMES GOLDEN, ESQUIRE
1601 MARKET STREET
SUITE 565
PHILADELPHIA, PA. 19103-1443

SARAH YERGER, ESQUIRE
OFFICE OF ATTORNEY GENERAL
STRAWBERRY SQUARE
HARRISBURG, PA. 17120

RESPECTFULLY SUBMITTED,

By: _____

Date: FEBRUARY 3, 2002