**SERRATELLI, SCHIFFMAN, BROWN AND CALHOON, P.C.**
*2080 Linglestown Road, Suite 201*
*Harrisburg, Pennsylvania 17110-9670*
*Telephone (717) 540-9170*
By:   SPERO T. LAPPAS, Esquire
      Pa. Supreme Court ID no. 25745
**ATTORNEYS FOR THE PLAINTIFF**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAURA ZELINSKI,<br>    Plaintiff<br><br>v.<br><br>PENNSYLVANIA STATE POLICE,<br>COMMONWEALTH OF<br>PENNSYLVANIA,<br>LOU ALTIERI,<br>RICHARD WEINSTOCK,<br>    Defendants | C.A. NO. 3-CV-01-1979<br><br>JURY TRIAL DEMANDED<br><br><br><br><br><br>(CHIEF JUDGE VANASKIE) |

PLAINTIFF'S ANSWER TO
THE STATEMENT OF "UNDISPUTED" FACTS
FILED ON BEHALF OF DEFENDANTS LOU ALTIERI,
PENNSYLVANIA STATE POLICE,
AND COMMONWEALTH OF PENNSYLVANIA

1.   Admitted.

2.   Admitted.

3.   Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted that these meetings took place. As a matter of fact, however, Altieri allowed Weinstock to get away with much wrongful conduct. Plaintiff's brief at pages 6 - 7. Murray 42, 108-113, 66, 104.

9. See number 8 above.

10. See number 8 above. Furthermore, plaintiff has testified that Altieri was not very strict with paperwork, except for money vouchers. Zelinski 82.

11. Denied. Plaintiff's problems with the unit began almost immediately in June 1999 when Weinstock started sexually harassing her. Zelinski 35-38.

12. Admitted that Altieri made a report to in June 2000. For the reasons explained on the plaintiff's Brief, that report was retaliatory and pretextual.

13. See number 12 above.

14. See number 12 above. Admitted that Duignan spoke to Altieri on August 10, 2000.

15. Although Altieri didi not explicitly recommend or request plaintiff's transfer, Altieri's experience with the state police, with the Bureau of Drug Law Enforcement and with the chain of command informed him that his report to

Duignan would go up the chain of command to a decision maker who could and would remove plaintiff from the TNT unit. Plaintiff's brief at pages 8-14. Blocker 27-28, Duignan 35.

16. Admitted that the first act of harassment was in June 1999. Plaintiff and Weinstock had already been assigned to Altieri's unit by this time. Zelinski 35-38.

17. Admitted that Weinstock did those things among others during the first incident of harassment. Zelinski 35-38.

18. Admitted.

19. Zelinski told Altieri in October. Zelinski 46, 69, 73-76.

20. Admitted.

21. Admitted. Zelinski told Altieri in December. Zelinski 46, 69, 73-76.

22. Admitted. She also told Altieri that she was uncomfortable working with Weinstock and it would be inappropriate to compel her to work with him in light of his past behavior. Zelinski 46, 69, 73-76.

23. Admitted. But that remark did not relieve Altieri of his affirmative duty to take action. Altieri 9-10.

24. Irrelevant.

25. Admitted.

26. Admitted that Altieri committed that act. That discipline was retaliatory and

false. See Plaintiff's brief at page 2. Zelinski 105-111, 127-128, 87, 134-135.

27. Admitted.

28. Admitted.

29. Admitted.

30. Admitted.

31. Admitted. The incident with the dog did not constitute misconduct by the plaintiff. Zelinski 112-119, Murray, 122, 123-124.

32. Admitted.

33. Admitted.

34. Admitted.

35. Admitted. Other officers and civilians witnessed this comment by Weinstock. Zelinski 189-191, 49-50.

36. Admitted although other state police personnel witnessed it first hand. Zelinski 189-191, 49-50.

37. Admitted.

38. Admitted although other state police personnel witnessed it first hand. Zelinski 189-191, 49-50.

39. Admitted, but see number 38 above.

40. There were no other specific remarks which plaintiff testified about.

41. Admitted. Murray confirms this in slightly different words. Murray 42.

42. Admitted.

43. Admitted.

44. Admitted.

45. Admitted but plaintiff believes that Altieri knew about it from other sources.

46. Admitted.

47. Admitted. Male officers were not usually critiqued after searches. Zelinski 105-111.

48. Admitted.

49. Admitted.

50. Denied.

51. Admitted.

52. Denied. No patrol officers took offense. Duby Deposition Exhibit 7.

53. Admitted but irrelevant.

54. Admitted but irrelevant.

55. Admitted but irrelevant.

56. Admitted.

57. Admitted.

58. Admitted.

59. Admitted.

60. Admitted.

61. Admitted but for the reasons explained in Plaintiff's Brief the plaintiff's removal from TNT was an adverse employment action.

62. Denied. For the reasons explained in the Plaintiff's Brief the Plaintiff's removal from TNT was retaliatory and discriminatory.

63. See number 62 above and the appropriate section of the argument in Plaintiff's Brief.

64. Denied. See number 15, number 62 and number 63, above.

65. Admitted.

66. Admitted. Although as noted above and in Plaintiff's Brief Altieri instigated and caused the retaliatory transfer,

67. Admitted.

68. Admitted.

69. Admitted.

RESPECTFULLY SUBMITTED,

SERRATELLI, SCHIFFMAN, BROWN AND CALHOON, P.C.

By: _____
SPERO T. LAPPAS, Esquire
ATTORNEYS FOR THE PLAINTIFF

CERTIFICATE OF SERVICE

    *I hereby certify that on this date I served a true copy of the attached document upon the person(s) named below by mailing a copy addressed as follows, postage pre-paid, deposited into the U. S. Mail at Harrisburg, Pa.*

JAMES GOLDEN, ESQUIRE
1601 MARKET STREET
SUITE 565
PHILADELPHIA, PA. 19103-1443

SARAH YERGER, ESQUIRE
OFFICE OF ATTORNEY GENERAL
STRAWBERRY SQUARE
HARRISBURG, PA. 17120

                                    RESPECTFULLY SUBMITTED,

                                    By: _____

Date:  FEBRUARY 3, 2002