FILED
HARRISBURG, PA

FEB 18 2003

MARY E. D'ANDREA, CLE[RK]
Per_____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAURA ZELINSKI, | : | |
| Plaintiff | : | No. 3:CV-01-1979 |
| | : | |
| v. | : | |
| | : | |
| PENNSYLVANIA STATE POLICE, et al., | : | |
| Defendants | : | (Judge Vanaskie) |

## COMMONWEALTH DEFENDANTS' MOTION TO STRIKE

Pursuant to Rule 56(e) and (f) of the Federal Rules of Civil Procedure, Commonwealth Defendants, by their attorney, move to strike portions of plaintiff's brief in opposition and answer to defendants' statement of material undisputed facts which use supporting affidavits and documents that contain hearsay and are in violation of the federal rules, and in support hereof state as follows:

1. On January 15, 2003, Commonwealth Defendants moved for summary judgment. On February 3, 2003, plaintiff filed a brief in opposition to Commonwealth Defendants' motion.

2. Accompanying plaintiff's brief was John Duby's deposition

along with exhibits from the PSP's internal investigation conducted by John Duby.

3. Plaintiff's Answer to Defendants' Statement of Material Facts references Duby's deposition with exhibit at paragraph 52. Additionally, plaintiff's brief references Duby's deposition with exhibits on p. 6, 13, and 14, and specifically reference Exhibits 25-28, 20, and 7.

4. Duby was the investigating officer for the PSP's internal investigation and did not have personal knowledge of any of the facts which plaintiff cites to as support.

5. The exhibits that plaintiff cites to from Duby's deposition refer to hearsay documents that were attached to Duby's report.

6. Exhibit 7 is an unsworn statement by Lt. Mendofik.

7. Exhibit 20 is an unsigned, unsworn taped interview transcript from Corporal Gushka.

8. These two statements do not meet the affidavit prerequisites outlined in Rule 56(e).

9. The memos attached to Duby's deposition, Exhibits 25-28, likewise are not based on the personal knowledge of John Duby and the documents are not properly identified or authenticated.

10. Plaintiff did not need to rely on these hearsay statements and

could have properly deposed the individuals involved with first hand knowledge of the events during the discovery period.

11. Plaintiff chose to rely on hearsay information, and thereby did not give Commonwealth Defendants an opportunity to cross examine or clarify statements which plaintiff relies on to dispute summary judgment.

12. Since these exhibits from Duby's deposition contain hearsay statements of non-parties which are inadmissible under Fed. R. Evid. 801 and 802 and are not statements within the first hand knowledge of Duby, these portions of Duby's deposition should be stricken.

13. The Seventh Circuit has held that transcripts of witness interviews during an investigation are not sufficient to meet the prerequisites for summary judgment affidavits. *Berwick Grain Co. v. Illinois Dpt. Of Agriculture*, 116 F.3d 231 (7th Cir. 1997).

**WHEREFORE,** exhibits referring to hearsay statements or documents not within the firsthand knowledge of John Duby should be stricken from the record.

                    Respectfully submitted,

                    D. MICHAEL FISHER
                    Attorney General

By: _____
                    SARAH C. YERGER
                    Deputy Attorney General
                    Attorney ID# 70357

                    SUSAN J. FORNEY
                    Chief Deputy Attorney General
                    Chief, Litigation Section

Office of Attorney General
15th Floor, Strawberry Square
Harrisburg PA 17120
(717) 705-2503
E-mail Address: syerger@attorneygeneral.gov

Date: February 18, 2003

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LAURA ZELINSKI, :
    Plaintiff : No. 3:CV-01-1979
:
v. :
:
PENNSYLVANIA STATE POLICE, et al., :
    Defendants : (Judge Vanaskie)

## CERTIFICATE OF SERVICE

AND NOW, this  I, **SARAH C. YERGER**, Deputy Attorney General, counsel for defendants in the above-captioned action, hereby certify that I this day served the foregoing **Defendants' Motion To Strike** by causing a copy of the same to be deposited in the United States mail, postage prepaid, at Harrisburg, Pennsylvania, addressed to the following:

Spero T. Lappas, Esquire
Serratelli, Schiffman, Brown & Calhoun
2080 Linglestown Road, Suite 201
Harrisburg, PA 17110

James Golden, Esquire
Hamburg & Golden, P.C.
1601 Market Street, Suite 565
Philadelphia, PA 19103-1443

*Sarah C. Yerger*
**SARAH C. YERGER**
**Deputy Attorney General**

Date: February 18, 2003